IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD R TATE,
    Petitioner,

vs.                                              Case No.:  5:06cv103/RS/EMT

DEPARTMENT OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Petitioner's Notice of Voluntary Dismissal (Doc. 13). Petitioner requests dismissal of this habeas action on the ground that he wishes to pursue post-conviction remedies in the state courts (*id.* at 1).

    Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Respondent has not yet been served in the instant case, it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.  The dismissal should be without prejudice to Petitioner's refiling the petition when his all of his claims have been exhausted.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted.  *See* 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's Notice of Voluntary Dismissal (Doc. 13) be **GRANTED** and this action dismissed without prejudice.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 23rd day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**